# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW) (related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | In re John Olaf Halvorson *and related Related Case*: Richard Baek, et al. v. John Olaf Halvorson, et al. |

Present: The Honorable     James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    <u>Order Regarding Subject Matter Jurisdiction and VACATING Trustee's Motion to Refer Action to Bankruptcy Court and to Confirm And/Or Substitute Trustee as Real Party in Interest</u> (Case Number CV 18-07046-JVS at Docket No. 64)

Chapter 7 Trustee Weneta Kosmala ("Trustee") filed a motion for an order (1) referring the instant action to the Bankruptcy Court, and (2) confirming and/or substituting the Trustee as the real party in interest. Case No. 2:18-cv-07046 JVS (RAOx) ("ED Action"), Docket No. 64. Defendant-Appellees Dan Halvorson and Jerry Ann Randall filed a joinder in the Trustee's motion. Id., Docket No. 65. Plaintiff-Appellants Richard Baek, Baek 153, LLC, and Pacific Commercial Group, LLC filed a consolidated opposition. Id., Docket No. 67. The Trustee filed a reply. Id., Docket No. 68. Dan Halvorson and Jerry Ann Randall replied separately. Id., Docket No. 69.

Subsequently, the Appellants filed status reports in related appeals before this Court requesting a briefing schedule on the issue of subject matter jurisdiction. Case No. 8:18-cv-00519-JVS ("519 Appeal"), Docket No. 13; Case No. 8:18-cv-00528-JVS ("528 Appeal"), Docket No. 14. On October 11, 2018, the Court entered orders in the 519 and 528 appeals, as well as two other related appeals[1] (collectively, the "Related Appeals"), ordering the parties in the Related Appeals to meet and confer regarding a briefing

---

[1] The case numbers for the remaining two Related Appeals are: (1) 8:18-cv-00520-JVS ("520 Appeal"), and (2) 8:18-cv-00525-JVS ("525 Appeal").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW) (related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | In re John Olaf Halvorson *and related Related Case*: Richard Baek, et al. v. John Olaf Halvorson, et al. |

schedule to address whether the Bankruptcy Court had subject matter jurisdiction over adversary proceedings underlying the Related Appeals. E.g., 519 Appeal, Docket No. 14. Pursuant to that order, the various parties briefed the issue of subject matter jurisdiction.[2]

The Court now addresses the Trustee's motion and the issue of subject matter jurisdiction as follows.

## I. BACKGROUND

### A. The Events Leading to This Dispute

Debtor John Halvorson ("Halvorson") and Plaintiff-Appellant Grace Baek were married in 2005. 519 Appeal, Docket No. 19, Declaration of Jeffrey Golden ("Golden Decl."), Ex. 9 (Memorandum Decision and Order After Bifurcated Trial on Unclean Hands) ("Memorandum Decision") at 3. Halvorson and Grace Baek's brother, Plaintiff-Appellant Richard Baek, started a company together called Pacific Commercial Group, LLC in 2007. Id. Grace Baek and Richard Baek were also members of Baek 153, LLC. Id. In December 2012, Halvorson filed for divorce against Grace Baek in California state court. Id. Halvorson then initiated a case in Oregon state court against Grace Baek, Richard Baek, and their companies claiming that he was owed a commission on a property sale and seeking a declaratory judgment establishing his ownership interest in Baek family investment companies. Id. at 4. In response, the Baeks initiated three

---

[2] Not including identical briefs filed in separate Related Appeals, the parties filed nine total briefs on subject matter jurisdiction. Plaintiff-Appellants Richard Baek, Baek 153, LLC, and Pacific Commercial Group, LLC filed an opening brief and a reply. 519 Appeal, Docket Nos. 20, 24. Plaintiff-Appellant Grace Baek filed an opening brief and a reply. 528 Appeal, Docket Nos. 21, 25. Trustee filed an opening brief and a reply. 519 Appeal, Docket Nos. 19, 23. Defendants-Appellees Dan Halvorson and Jerry Ann Randall also filed an opening brief and a reply. 519 Appeal, Docket Nos. 17, 22. Debtor John Olaf Halvorson filed an omnibus brief. 519 Appeal, Docket No. 18. Finally, Third-Party Appellants Corey Tolliver and Christopher Coyle ("Attorney Appellants") joined in the Baek Appellants opening and responsive briefs regarding subject matter jurisdiction. 520 Appeal, Docket No. 20, 23; 525 Appeal, Docket Nos. 21, 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW) (related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |
|---|---|---|---|

| Title | In re John Olaf Halvorson *and related Related Case*: Richard Baek, et al. v. John Olaf Halvorson, et al. |
|---|---|

actions against Halvorson alleging that Halvorson interfered with the sale of the Beaverton property, and that he diverted company funds to his own use. Id.

During the course of this litigation, Halvorson forged his wife's signature on a purported amended prenuptial agreement and testified to its authenticity under oath. Id. The Baeks' attorney, Third-Party Appellant Corey Tolliver ("Tolliver"), discovered the forgery. Id. In February 2015, the Oregon Circuit Court found Halvorson in contempt of court for this forgery and dismissed his claims against the Baeks. Id. at 4–5. The Oregon state court judgment in favor of the Baeks against Halvorson totaled $785,972.75 ("Oregon Judgment"). Id. at 5. Richard Baek also filed a separate police report against Halvorson in 2013 alleging embezzlement, and a second police report after discovering the forgery in 2014. Id.

The Baeks made a settlement offer to Halvorson on June 25, 2014, which in part required Halvorson to sell his house in Stockton, California ("Stockton Property") where his mother, Defendant Jerry Ann Randall ("Randall") had been living for forty years, and pay all net proceeds to the Baeks. Id. Halvorson rejected the offer. Id. at 6.

After entry of the Oregon Judgment, on February 25, 2015, an Application for Entry of Judgment on Sister-State Judgment was filed in Superior Court of California, County of Orange, seeking domestication of the Oregon Judgment in California. Id. The enforcement of the domesticated judgment was stayed, and on April 2, 2015, Halvorson filed an ex parte application in Orange County Superior Court to further extend the stay on the ground that the Oregon Judgment was on appeal. Id.

**B.      The Eastern District Action and the Bankruptcy Case**

In order to protect Randall's interest in the Stockton Property, Halvorson and Randall signed a promissory note with Defendant Dan Halvorson, Halvorson's brother, as payee. Id. at 7. The promissory note was secured by a deed of trust and recorded on April 3, 2015. Id. The Baeks then discovered this deed of trust against the Stockton Property. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW) (related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

Title  <u>In re John Olaf Halvorson</u>
    *and related Related Case*:
    <u>Richard Baek, et al. v. John Olaf Halvorson, et al.</u>

  In response, on July 2, 2015, Richard Baek, Baek 153, LLC, and Pacific Commercial Group, LLC filed suit against Halvorson, Randall, and Dan Halvorson in the U.S. District Court for the Eastern District of California, Judge William Shubb presiding ("ED Action").[3]  Compl., ED Action, Docket No. 1.  The ED Action invoked diversity jurisdiction under 28 U.S.C. § 1332.  <u>Id.</u> ¶ 8.

  On July 13, 2015, the First Amended Complaint ("FAC") added entities related to Halvorson[4] as additional defendants ("Entity Defendants").  FAC, ED Action, Docket No. 4.  The FAC alleges intentional fraudulent transfer, constructive fraudulent transfer, fraudulent conveyance, conspiracy to commit fraudulent conveyance, and aiding and abetting fraudulent conveyance.  <u>Id.</u>

  On July 16, 2015, Halvorson filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the Central District of California, Santa Ana Division, Case No. 8:15-bk-13556-MW ("Bankruptcy Case").  Weneta Kosmala ("Trustee") was appointed chapter 7 trustee.  On July 20, 2015, Halvorson filed a Notice of Bankruptcy Filing, notifying the Eastern District that he had filed a voluntary chapter 7 petition in the Bankruptcy Court for the Central District of California.  ED Action, Docket No. 6.  On August 10, 2015, Dan Halvorson and Randall ("Answering Defendants") filed an answer. <u>Id.</u>, Docket No. 8.  Neither Halvorson nor the Entity Defendants ever filed an answer.

  On October 2, 2015, the Baeks filed another complaint in the Bankruptcy Court against Halvorson seeking a determination that his liability to them under the Oregon Judgment was excepted from discharge, thereby commencing another adversary proceeding ("1382 Action").  Golden Decl., Ex. 9 (Memorandum Decision) at 8, 12.

**C. The Trustee "Removes" the ED Action to Bankruptcy Court, Creating the**

---

  [3] Case No. 2:15-cv-01425-WBS-DB.

  [4] The Entity Defendants are PCC Fund 1, LLC; Granite Bay Partners II, LLC; JH RE Holdings, LLC; and Commercial Income Advisors, Inc.  FAC, ED Action, Docket No. 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW) (related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

Title    <u>In re John Olaf Halvorson</u>
*and related Related Case*:
<u>Richard Baek, et al. v. John Olaf Halvorson, et al.</u>

**1391 Action**

On October 9, 2015, the Baeks and the Answering Defendants entered into a Joint Stipulation to stay the ED Action pending the resolution of Halvorson's Bankruptcy Case. ED Action, Docket No. 11. The stipulation was approved on October 13, 2015. <u>Id.</u>, Docket No. 12.

On October 14, 2015, the Trustee filed with the Bankruptcy Court in the Central District of California a Notice of Removal[5] of the ED Action from the Eastern District of California District Court to the Bankruptcy Court. Golden Decl., Ex. 9 (Memorandum Decision) at 8. This purportedly removed case was re-designated as Adversary Proceeding No. 8:15-ap-1391 MW and assigned to Bankruptcy Judge Wallace ("1391 Action"). <u>Id.</u> The causes of action were deemed to involve administration of bankruptcy estate property and proceedings to determine, avoid, or recover fraudulent conveyances. <u>Id.</u> Thus, the Trustee substituted in as real party in interest plaintiff as to all causes of action other than the causes of action for conspiracy, and aiding and abetting. <u>Id.</u>

On October 21, 2015, the Trustee submitted a separate Notice of Removal to the Clerk's office in the Eastern District of California. ED Action, Docket No. 13. However, the Clerk modified the docket entry for the removal filing, stating that the court would disregard the notice and instructing the Trustee to initiate a new action. <u>Id.</u> Specifically, the day after the Trustee filed the Notice of Removal, Docket No. 13 was modified to state: "DISREGARD-ATTORNEY INSTRUCTED TO INITIATE NEW ACTION." <u>Id.</u> On October 30, 2015, Docket No. 13 was again modified to state "FILING FEE REFUNDED." <u>Id.</u> The docket entry also provides the refund amount, $400, and the receipt number. <u>Id.</u> Despite the Eastern District's court's notice that it would "disregard" the Notice of Removal, the purportedly "removed" case continued to be litigated in the Bankruptcy Court for over two years. The Baeks' counsel of record in the

---

[5] The Notice of Removal was titled "Notice of Removal of United States District Court Action to Bankruptcy Court Pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 157 and 1334." 1391 Action, Docket No. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW) (related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | In re John Olaf Halvorson *and related Related Case*: Richard Baek, et al. v. John Olaf Halvorson, et al. |

ED Action was not informed of the October 22, 2015 or October 30, 2015 modification to Docket No. 13 in the Court's ECF system, either by the Trustee or any other source. ED Action, Docket No. 67-1, Declaration of Phillip Allan Trajan Perez ("Perez Decl.") ¶¶ 3–6. The Trustee also contends that neither her nor her counsel received any notice of the changes made to the docket in the ED Action. Trustee Reply Brief, 528 Appeal, Docket No. 24 at 1, 4.

On November 2, 2015, Halvorson received a chapter 7 discharge. See No. 8:15-bk-13556 MW, Docket No. 58. As a result, all the claims asserted against him in the ED Action were discharged. ED Action, Docket No. 18-1 (RJN Ex. 9) ("John Halvorson is not . . . a party to the Fraudulent Transfer action . . . as a result of his chapter 7 discharge."). Therefore, Halvorson is no longer a party to the 1391 Action.

In addition, on December 17, 2015 Richard Baek, Baek 153, LLC, and Pacific Commercial Group, LLC moved to amend the complaint to substitute Trustee as real party in interest to several claims asserted against the Answering Defendants. 1391 Action, Docket No. 19. On May 2, 2016, the Bankruptcy Court entered an order finding that the Trustee is substituted as the real party in interest with respect to the first through sixth, ninth, and tenth causes of action in the FAC. 1391 Action, Docket No. 58. Richard Baek, Baek 153, LLC, and Pacific Commercial Group continued to remain as real parties in interest as to the two remaining claims for relief. Id.

**D. The 1454 Action**

On November 25, 2015, Grace Baek filed another complaint in the Bankruptcy Court against Halvorson and the Trustee seeking a declaratory judgment as to what is and what is not property of the bankruptcy estate, commencing Adversary Proceeding No. 8:15-ap-1454 MW ("1454 Action"). Golden Decl., Ex. 9 (Memorandum Decision) at 8. The action was assigned to Bankruptcy Judge Wallace, who was already overseeing the 1391 Action, *i.e.*, the purportedly removed Eastern District case. Since Halvorson was discharged from the 1391 Action, there is no overlap as to the parties of the 1391 and 1454 Actions, except the Trustee.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW)<br>(related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | <u>In re John Olaf Halvorson</u><br>*and related Related Case*:<br><u>Richard Baek, et al. v. John Olaf Halvorson, et al.</u> |

## E.     The Mediation Arrest and Unclean Hands Trial

On March 4, 2016, after a status conference two days prior, the Bankruptcy Court ordered that the 1391 Action and the 1454 Action go to mediation. <u>Id.</u> at 9. The mediation between the Baeks and Halvorson was scheduled for May 27, 2016 in front of Bankruptcy Judge Meredith Jury. <u>Id.</u>

Throughout this time, the criminal investigation against Halvorson (initiated by the Baeks) continued to proceed. <u>Id.</u> at 10. On May 9, 2016, Halvorson was indicted for perjury, forgery, identity theft, attempted aggravated identity theft, and attempted aggravated theft in the first degree. <u>Id.</u> The grand jury proceedings were covered by Deputy District Attorney Kevin Demer ("Demer"). <u>Id.</u> Throughout May 2016, Tolliver (the Baeks' attorney) had numerous discussions with Demer regarding Halvorson's arrest. <u>Id.</u> at 11. Tolliver told Demer that the Baeks had offered to pay for the cost of extradition in order to have Halvorson arrested. <u>Id.</u> On May 23, 2016, Tolliver informed Demer that Halvorson had been ordered to appear at a mediation at the Bankruptcy Court in Riverside, California on May 26, 2016. <u>Id.</u> On May 27, during the mediation in Judge Jury's courtroom, Demer had Halvorson arrested. Id. at 14. The mediation then ended without a settlement among any of the parties. <u>Id.</u>

Bankruptcy Judge Wallace held a status conference after the arrest with the background knowledge that the Baeks had commenced three lawsuits against Halvorson in Oregon state court, had sued Halvorson, his mother, and brother in the U.S. District Court for the Eastern District of California, and had initiated two additional adversary proceedings against Halvorson in the Bankruptcy Court. <u>Id.</u> at 18; Matin Decl., 519 Appeal, Ex. 6 (Transfer Order) at 7. At the June 22, 2016 status conference with respect to the 1391 and 1454 Actions, Judge Wallace learned that Halvorson had been arrested during the mediation. Golden Decl., Ex. 9 (Memorandum Decision) at 18.

The Bankruptcy Court then issued an Order After Status Conference raising the unclean hands doctrine <u>sua</u> <u>sponte</u> and staying the adversary proceedings except as to the issue of whether any party to the mediation was guilty of unclean hands based on actions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW) (related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | In re John Olaf Halvorson *and related Related Case*: Richard Baek, et al. v. John Olaf Halvorson, et al. |

that had the effect of sabotaging the mediation through Halvorson's arrest. Id. The Bankruptcy Court planned to hold a bifurcated trial, with the first phase addressing the issue of unclean hands. Id.

The Baeks moved for partial summary judgment and to dismiss the unclean hands affirmative defense; the Bankruptcy Court rejected both motions. Id. at 19. On July 11, 2017, the Baeks filed motions seeking permission to the U.S. District Court for the Central District of California to take an interlocutory appeal of the Bankruptcy Court's orders denying the motions. Id. The District Court denied those motions. Id.

A bench trial was held in the Circuit Court for the State of Oregon between July 31, 2017 and August 4, 2017 on the criminal charges against Halvorson. Id. He was convicted on forgery and two counts of identity theft, and acquitted of perjury. Id.

On October 6, 2017, with the unclean hands trial scheduled for later that month, the Baeks executed a settlement agreement with the Trustee providing for the Baeks' purchase and acquisition of the Trustee's rights, claims, and interests in the 1454 Action and the execution and filing of a stipulated judgment in the 1391 Action. Id. The Trustee filed a motion to continue the bifurcated trial on unclean hands until after the motion to approve the settlement was determined; the Bankruptcy Court denied the motion. Id. at 20.

On August 21, 2017, the Bankruptcy Court consolidated the 1391 Action (regarding the fraudulent transfer claims) and the 1454 Action (regarding declaratory relief) for a trial regarding the issue of unclean hands. Matin Decl., 528 Appeal, Ex. 1 at 3. The trial on unclean hands, overseen by Bankruptcy Judge Wallace, ran from October 30, 2017 to November 3, 2017. Golden Decl., Ex. 9 (Memorandum Decision) at 20. Minutes after trial began, the Baeks filed an emergency motion to recuse Bankruptcy Judge Wallace; Bankruptcy Judge Theodor Albert denied the motion for recusal on January 23, 2018. Id. On November 17, 2017, the Baeks filed a motion to withdraw the reference in the 1391 and 1454 Actions in the District Court. Id. The reference withdrawal motion was denied by this Court on January 29, 2018. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW) (related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |
|---|---|---|---|

| Title | In re John Olaf Halvorson *and related Related Case*: Richard Baek, et al. v. John Olaf Halvorson, et al. |
|---|---|

The Baeks then filed a notice of appeal to the District Court on the denial of the recusal motion. Id. at 21. They also filed in the Bankruptcy Court an emergency motion for stay of the effectiveness of the order denying the recusal motion and a motion for certification of a direct appeal to the Ninth Circuit. Id. Bankruptcy Judge Albert denied both motions. Id. The Baeks then filed a Petition for Writ of Mandamus with the Ninth Circuit on February 2, 2018. Id.

Bankruptcy Judge Wallace entered identical Memorandum Decisions in the 1391 and 1454 Actions after the unclean hands trial on February 14, 2018, in which he found the Baeks guilty of unclean hands against the Trustee, Halvorson, and the Answering Defendants. Id. at 46. Judge Wallace concluded that the unclean hands doctrine required his court "to shut its doors against the guilty parties, and to refuse to interfere on their behalf, to acknowledge their right or to award them any remedy in these adversary proceedings." Id. at 3. The Bankruptcy Court de-consolidated the 1391 and 1454 Actions a few days after issuing the Memorandum Decision. Matin Decl., 528 Appeal, Ex. 2 at 1–2.

**F.     The Related Appeals**

In March 2018, the 519, 520, 525, and 528 Appeals ("Related Appeals") were filed. Related Appeals, Docket No. 1. The Related Appeals all seek review of the Bankruptcy Court's Memorandum Decision and Order After Bifurcated Trial on Unclean Hands. Id.

The 519 and 520 Appeals arise from the 1391 Action regarding the fraudulent transfer claims. 519 Appeal, Docket No. 1; 520 Appeal, Docket No. 1. The 519 Appeal was brought by Richard Baek, Baek 153, LLC, and Pacific Commercial Group, LLC, against Halvorson, the Answering Defendants, and the Entity Defendants. 519 Appeal, Docket No. 1. The 520 Appeal was brought by Third-Party Appellants Tolliver and Christopher Coyle (another of the Baeks' attorneys), who joined in the Appellants' brief regarding subject matter jurisdiction. 520 Appeal, Docket No. 1; Joinder, 520 Appeal, Docket No. 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW)<br>(related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |
|---|---|---|---|

| Title | In re John Olaf Halvorson<br>*and related Related Case*:<br>Richard Baek, et al. v. John Olaf Halvorson, et al. |
|---|---|

The 525 and 528 Appeals arise from the 1454 Action regarding declaratory relief. 525 Appeal, Docket No. 1; 528 Appeal, Docket No. 1. The 528 Appeal was brought by Grace Baek against Halvorson and the Trustee solely in her capacity as Chapter 7 Trustee of the Bankruptcy Estate. 528 Appeal, Docket No. 1. The 525 Appeal was brought by Third-Party Appellants Tolliver and Coyle, who again joined in Appellant Grace Baek's brief regarding subject matter jurisdiction. 525 Appeal, Docket No. 1; Joinder, 525 Appeal, Docket No. 21.

**G.    The Propriety of Removal Is Considered by the Bankruptcy Court and the District Court**

Two weeks after issuing the Memorandum Decision, on February 28, 2018, the Bankruptcy Court held a status conference during which it discussed the procedural defect in the initial removal of the 1391 Action and what impact, if any, it had on the Bankruptcy Court's jurisdiction over the proceeding. Matin Decl., 519 Appeal, Ex. 6 (Transfer Order) at 10. At the status conference, the Trustee's counsel acknowledged being aware of the removal issue, stating that they had "identified" and "researched" the issue. Matin Decl., 519 Appeal, Ex. 1 (2/28/18 Tr.) at 5:7–6:1. The Trustee's counsel further acknowledged conferring with the Answering Defendants' counsel regarding the removal issue prior to the conference, stating that Answering Defendants' counsel "believes that jurisdiction is proper . . . because of consent and the like." Id. The Baeks' attorneys were not aware of the issue prior to the status conference. Id. at 6:17–7:1. The Court then requested briefing on the removal issue. Id. at 9:6–15.

In March 2018, the Trustee filed a brief, which Answering Defendants joined, asserting in part that the ED Action was properly removed and pending in the Bankruptcy Court as the 1391 Action. 1391 Action, Docket Nos. 272, 280. The Baeks also filed a brief arguing that the ED Action was never removed to the Bankruptcy Court because no statute permits removal of a federal case from an Article III district court to an Article I bankruptcy court, any construction to the contrary unconstitutionally derogates the authority of Article III courts, and the Notice of Removal was a nullity. Id., Docket No. 281 at 4–7; ED Action, Docket No. 67-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW)<br>(related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | <u>In re John Olaf Halvorson</u><br>*and related Related Case*:<br><u>Richard Baek, et al. v. John Olaf Halvorson, et al.</u> |

On April 25, 2018, at a continued status conference, the Bankruptcy Court expressed concerns regarding the Bankruptcy Court's jurisdiction over the 1391 Action, stating "you can't remove an action from the federal district court for the Eastern District to bankruptcy court in the [C]entral [D]istrict," and "it's not just that the clerk rejected it, it's that the clerk rightfully rejected. The clerk did the right thing in the Eastern District by rejecting the removal." Matin Decl., 519 Appeal, Ex. 2 (4/25/18 Tr.) at 13:2–15. On April 26, 2018, the Bankruptcy Court declared it would lift the automatic stay and stay the Memorandum Decision "so that the Eastern District may hear and determine the [removal issue]." <u>Id.</u>, Ex. 3 (Order Continuing Stay of Memorandum Decision) at 3.

On June 11, 2018, the Eastern District held a hearing regarding Plaintiffs' (1) Motion for Stay Relief to Voluntarily Dismiss Non-Answering Defendants and (2) Motion for Order to Confirm the Validity of this Court's Prior Orders and to Enforce Such Orders. ED Action, Docket Nos. 17, 18. At the hearing, Judge Shubb indicated his position that the Trustee's Notice of Removal from the Eastern District to the Bankruptcy Court was a "nullity," and that Judge Shubb "didn't authorize the removal of this action to any court . . . and as far as [he was] concerned, this case [was] still in [the Eastern District]." Matin Decl., 519 Appeal, Ex. 4 (6/11/18 Tr.) at 22–24. Judge Shubb also stated that the District Court "isn't a transferor court. You can't come in . . . and file a notice of removal and say that [the Judge] transferred this case to some other court." <u>Id.</u> Judge Shubb then continued the hearing on the two motions to August 6, 2018 to be heard along with the Trustee's Motion for Order Substituting Trustee as Real Party in Interest and to Change Venue. ED Action, Docket No. 39. At the August 6, 2018 hearing, Judge Shubb confirmed his position that the ED Action was never removed. <u>See</u> Matin Decl., 519 Appeal, Ex. 5 (8/6/18 Tr.) at 24:4–5. Judge Shubb also stated at the hearing that the order to "DISREGARD" the Trustee's Notice of Removal at Docket No. 13 was "clear and unequivocal" in its determination that the ED Action was never removed from the Eastern District to the Bankruptcy Court. <u>Id.</u> at 34:20–35:25. Finally, Judge Shubb confirmed that if he were to grant venue transfer, such transfer would not be retroactive. <u>Id.</u> at 36:21–37:3.

On August 13, 2018, the Eastern District entered an order transferring venue of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW) (related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | <u>In re John Olaf Halvorson</u> *and related Related Case*: <u>Richard Baek, et al. v. John Olaf Halvorson, et al.</u> |

ED Action to this Court. Matin Decl., 519 Appeal, Ex. 6 (Transfer Order). In the Transfer Order, Judge Shubb confirmed that "the Clerk correctly modified the docket entry for the removal filing" by "stating that the court would disregard the notice and instructing the Trustee to initiate a new action." <u>Id.</u> at 5. In determining that the Bankruptcy Court and judges in the Central District are more familiar with the facts of this case than the Eastern District, Judge Shubb stated:

> Although this court continues to reiterate that the 1391 Action was never properly removed to the Bankruptcy Court in the Central District, it cannot deny the fact that the case and related issues have been extensively litigated there, and a trial has already purportedly been held. There is no doubt that the purported trial, although the Bankruptcy Court never had proper jurisdiction to hold that trial, dealt with the very issues currently pending before this court.

<u>Id.</u> at 12. Judge Shubb granted the motion to change venue despite finding that "the Trustee is not a party to this action" because the motion was joined in by the Answering Defendants, who did have standing to make the motion. <u>Id.</u> at 10–11.

## H.    The Issue Now Before the Court: Subject Matter Jurisdiction

On August 31, 2018, Richard Baek, Baek 153, LLC, and Pacific Commercial Group, LLC filed in the Bankruptcy Court a motion to dismiss the 1391 Action for lack of subject matter jurisdiction. 1391 Action, Docket No. 298. At a September 5, 2018 status conference, the Bankruptcy Court continued the hearing on the motion to dismiss and suggested that this Court address the jurisdictional issues. Matin Decl., 519 Appeal, Ex. 7 (9/5/18 Tr.) at 18:12–18.

On September 14, 2018, the Trustee filed an a motion in this Court to (1) refer the ED Action to bankruptcy court; and (2) confirm and/or substitute the Trustee as the real

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW)<br>(related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | <u>In re John Olaf Halvorson</u><br>*and related Related Case*:<br><u>Richard Baek, et al. v. John Olaf Halvorson, et al.</u> |

party in interest.  ED Action, Docket No. 64.  On October 11, 2018, this Court entered orders on the dockets for each of the Related Appeals requiring the parties to meet and confer regarding a briefing schedule to address the issue of whether the Bankruptcy Court had proper jurisdiction.  <u>E.g.</u>, 519 Appeal, Docket No. 14.  The parties then briefed the jurisdictional issue now before the Court with various filings on the dockets for the Related Appeals.  <u>See</u> <u>supra</u>, note 2.

## II. DISCUSSION

**A.** **The Bankruptcy Court Lacked Subject Matter Jurisdiction Over the 1391 Action.**

"The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or the court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."  <u>Arbaugh</u> <u>v.</u> <u>Y&H</u> <u>Corp.</u>, 546 U.S. 500, 506 (2006). Lack of subject matter jurisdiction may be raised "even for the first time on appeal." <u>Grupo</u> <u>Dataflux</u> <u>v.</u> <u>Atlas</u> <u>Global</u> <u>Grp.</u>, 541 U.S. 567, 571 (2004).

The Court finds that the Bankruptcy Court at all times lacked subject matter jurisdiction over the 1391 Action.

1.   <u>There</u> <u>is</u> <u>no</u> <u>statutory</u> <u>or</u> <u>constitutional</u> <u>basis</u> <u>to</u> <u>"remove"</u> <u>a</u> <u>district</u> <u>court</u> <u>case</u>
     <u>to</u> <u>a</u> <u>bankruptcy</u> <u>court.</u>

28 U.S.C. § 1452 governs removal of claims related to bankruptcy cases.  Section 1452 states in relevant part:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW) (related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | In re John Olaf Halvorson *and related Related Case*: Richard Baek, et al. v. John Olaf Halvorson, et al. |

28 U.S.C. § 1452(a). Section 1452 "intentionally applies only to removal to bankruptcy court from state court and certain federal courts but not district courts." In re Curtis, 571 B.R. 441, 449 (B.A.P. 9th Cir. 2017). "The proper procedure for transferring a case from federal district court to bankruptcy court is to request a referral by the district court." Id.

The plain language of § 1452 does not support the Trustee and Answering Defendants' contention that an action may be removed from a district court to a bankruptcy court. "It violates the plain language of 28 U.S.C. § 1452(a) to say that an action can be removed 'to district court' when it is already pending in district court, because the words 'to district court' by necessity involve the concept of bringing the action **to** district court **from** some other forum." Id. at 445 (quoting In re Mitchell, 206 B.R. 204, 209 (Bankr. C.D. Cal 1997)) (emphasis in original).

Furthermore, interpreting the bankruptcy removal statute to permit removal from the district court to the bankruptcy court is constitutionally impermissible. Following Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982), Congress amended 28 U.S.C. § 1334 "to make clear that the district courts (not bankruptcy courts) had (i) original and exclusive jurisdiction over bankruptcy cases, and (ii) original but not exclusive jurisdiction over proceedings in a bankruptcy case," while permitting courts to refer cases to bankruptcy courts pursuant to 28 U.S.C. § 157. Id. at 446. Thus, permitting removal from a district court to a bankruptcy court "would impermissibly undermine the district court's power to refer matters to the bankruptcy court" and "permit the bankruptcy court unreviewable discretion under § 1452(b) to remand a claim or cause of action to the district court." Id. at 447; see also Sharp Elecs. Corp. v. Deutsche Fin. Servs. Corp., 222 B.R. 259, 264 (Bankr. D. Md. 1998) ("The specific right of direct removal to the bankruptcy court died with Marathon and the Bankruptcy Amendments and Federal Judgeship Act of 1984, when Congress resolved that bankruptcy courts would be Article I adjunct units of the district courts."); Centrust Sav. Bank v. Love, 131 B.R. 64, 66 (S.D. Tex. 1991) ("Because bankruptcy courts are subordinate operations of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW)<br>(related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | <u>In re John Olaf Halvorson</u><br>*and related Related Case*:<br><u>Richard Baek, et al. v. John Olaf Halvorson, et al.</u> |

district courts, removal is never proper directly to the bankruptcy court."). The B.A.P. further explained the constitutional concerns inherent to an interpretation permitting removal from the district court to the bankruptcy court:

> The predicate for the referral power is the bedrock principle that the district courts have jurisdiction over bankruptcy cases and proceedings; the bankruptcy court's jurisdiction over such matters is purely and solely derivative of the district court's jurisdiction. And the bankruptcy court's power to hear, or to hear and determine, as the case may be, bankruptcy cases and proceedings is entirely dependent upon the referral by the district court. Any interpretation of a statute that would imply that the bankruptcy courts had jurisdiction of bankruptcy cases and proceedings separate and independent from, or even co-equal to, the jurisdiction granted the Article III courts, or that would interfere with the Article III courts' exercise of that jurisdiction and judicial power through the system of referral to the bankruptcy courts, or that . . . would permit bankruptcy courts to dispose of matters originating in the district courts in apparent derogation of the power of those courts to control their own proceedings, would be . . . a constitutional non-starter.

<u>In re Curtis</u>, 571 B.R. at 447–48. Courts are bound to interpret statutes to avoid such constitutional violations. <u>See Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Const. Trades Council</u>, 485 U.S. 568, 575 (1988) ("where an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress"). Therefore, the Court follows the reasoning of the B.A.P. and rejects any interpretation of § 1452 that would permit removal of a case from the district court to the bankruptcy court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW)<br>(related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | In re John Olaf Halvorson<br>*and related Related Case*:<br>Richard Baek, et al. v. John Olaf Halvorson, et al. |

Because there is no statutory or constitutional authority to remove a district court case to bankruptcy court, a notice of removal seeking to do so is a nullity and has no legal effect. See You Fit, Inc. v. Pleasanton Fitness, LLC, No. 8:12-cv-1917-JDW-EAJ, 2012 WL 12905650, at *2 (M.D. Fla. Oct. 19, 2012) (removal notice "a nullity"); Doyle v. Mellon Bank, N.A., 307 B.R. 462, 465 (E.D. Pa. 2004) (removal notice "deemed to be without effect"); LaSalle Capital Grp., Inc. v. Alexander Doll Co., No. 95 C 1640, 1995 WL 584429, at *6 (N.D. Ill. Oct. 2, 1995) (removal notice "procedurally improper and ineffective"); In re Hakim, 212 B.R. 632, 639 (Bankr. N.D. Cal. 1997) (removal notice "ineffective"); In re Cornell & Co., Inc., 203 B.R. 585, 586 (Bankr. E.D. Pa. 1997) ("attempted removal under 28 U.S.C. § 1452(a) is simply void; it must be undone").

Here, the ED Action was originally pending in the U.S. District Court for the Eastern District of California. ED Action, Docket No. 1. In October 2015, Trustee improperly attempted to remove the ED Action to the Bankruptcy Court for the Central District of California, creating the 1391 Action. Id., Docket No. 13. That the Trustee's removal was without authority is further demonstrated by the modifications made to the docket entry in the ED Action which disregarded the removal notice, instructed the Trustee's attorney to initiate a new action, and refunded the $400 filing fee. Id. Because the Trustee's attempt to remove the ED Action to the Bankruptcy Court was improper and without effect, the ED Action never left the Eastern District prior to transfer to this Court; therefore, the Bankruptcy Court at all times lacked subject matter jurisdiction over the 1391 Action because it never presented a live case or controversy. See McCullough v. Graber, 726 F.3d 1057, 1059 (9th Cir. 2013) ("A federal court lacks jurisdiction unless there is a 'case or controversy' under Article III of the Constitution." ).

2.   The Answering Defendants' arguments regarding subject matter jurisdiction are without merit.

First, the Answering Defendants cite Quality Tooling, Inc. v. United States, 47 F.3d 1569 (Fed. Cir. 1995), to support their contention that removal was proper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW)<br>(related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | <u>In re John Olaf Halvorson</u><br>*and related Related Case*:<br><u>Richard Baek, et al. v. John Olaf Halvorson, et al.</u> |

Answering Def. Br., 519 Action, Docket No. 17 at 11–15. However, <u>Quality</u> <u>Tooling</u> is distinguishable because it did not involve a removal from the district court, but from an Article I court (the Court of Federal Claims) to another Article I court (the bankruptcy court). 47 F.3d at 1571–72. Courts have distinguished <u>Quality</u> <u>Tooling</u> from removal from Article III district courts on this basis. <u>See, e.g., In</u> <u>re</u> <u>Curtis</u>, 571 B.R. at 445 n.2 (citing <u>Quality</u> <u>Tooling</u> for the proposition that "courts have interpreted 28 U.S.C. § 1452 as authorizing removal to district courts from other federal courts, such as the Court of Federal Claims, the local courts of the District of Columbia, or the territorial courts of Guam," all Article I courts); <u>You</u> <u>Fit</u>, 2012 WL 12905650, at *1 (same).

Second, the Answering Defendants cite two additional cases to support its argument that removal from the district court is proper:  <u>In</u> <u>re</u> <u>Philadelphia</u> <u>Gold</u> <u>Corp.</u>, 56 B.R. 87 (Bankr. E.D. Pa. 1985), and <u>MATV-Cable</u> <u>Satellite, Inc. v.</u> <u>Phoenix</u> <u>Leasing, Inc.</u>, 159 B.R. 56 (Bankr. S.D. Fla. 1993). Answering Def. Br. at 12–14. However, <u>In</u> <u>re</u> <u>Curtis</u> considered both cases and rejected their reasoning. 571 B.R. at 448–49. As to <u>MATV</u>, the B.A.P. stated that the case "does not provide a solid basis for interpreting 28 U.S.C. § 1452 to authorize removal from a federal district court to bankruptcy court." <u>Id.</u> at 448. As to <u>Philadelphia</u> <u>Gold</u>, the B.A.P. stated that the court's "analysis was perfunctory and did not take into account the plain language of the statute or the constitutional concerns raised by its interpretation." <u>Id.</u> The Court agrees with the B.A.P., and declines to find removal from the district court to the bankruptcy court permissible based on the authority cited by the Answering Defendants.

Third, the Answering Defendants argue that even if the Trustee's removal notice was improper, "the removal was nevertheless effective" because no party sought to remand within thirty days under 28 U.S.C. § 1447. Answer Def. Br. at 14–15. However, § 1447 is inapposite because it governs removals from state court. <u>See</u> 28 U.S.C. § 1447(a) ("In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties . . . ."). Further, § 1447 explicitly provides that a "motion to remand the case on the basis of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW)<br>(related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | <u>In re John Olaf Halvorson</u><br>*and related Related Case*:<br><u>Richard Baek, et al. v. John Olaf Halvorson, et al.</u> |

any defect <u>other</u> <u>than</u> <u>lack</u> <u>of</u> <u>subject</u> <u>matter</u> <u>jurisdiction</u> must be made within 30 days." <u>Id.</u> § 1447(c) (emphasis added). As discussed above, the 1391 Action was never properly before the Bankruptcy Court, and thus the Bankruptcy Court had no live case or controversy pending before it, nor any subject matter jurisdiction over the 1391 Action. Therefore, no remand motion is necessary because the "ultimate responsibility to ensure jurisdiction lies with the district court." <u>Polo</u> <u>v.</u> <u>Innoventions</u> <u>Int'l,</u> <u>LLC</u>, 833 F.3d 1193, 1196 (9th Cir. 2016).

Furthermore, "no action of the parties can confer subject-matter jurisdiction upon a federal court." <u>Ins.</u> <u>Corp.</u> <u>of</u> <u>Ireland</u> <u>v.</u> <u>Compagnie</u> <u>des</u> <u>Bauxites</u> <u>de</u> <u>Guinee</u>, 456 U.S. 694, 702 (1982). Therefore, "the consent of the parties is irrelevant. . ., principles of estoppel do not apply . . ., and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings." <u>Id.</u> Therefore the Court rejects any argument that subject matter jurisdiction was waived, or that the parties cannot assert it based on principles of estoppel or consent.

Finally, the Answering Defendants argue that the subject matter of the 1391 Action was properly before the Bankruptcy Court because it falls within the purview of 28 U.S.C. § 1334, and is a "core" matter pursuant to 28 U.S.C. § 157. Ansering Def. Br. at 23–25. However, the Answering Defendants' claims about the jurisdictional bases for the 1391 Action are irrelevant because they presume the existence of an underlying adversary proceeding. As noted above, the 1391 Action never actually served as a continuation of the ED Action, <u>i.e.</u>, it never actually "existed," because the Bankruptcy Court never had subject matter jurisdiction to hear and decide the matter. In other words, the 1391 Action never got to the Bankruptcy Court in the first place.

3. <u>All</u> <u>actions</u> <u>taken</u> <u>by</u> <u>the</u> <u>Bankruptcy</u> <u>Court</u> <u>in</u> <u>the</u> <u>1391</u> <u>Action</u> <u>are</u> <u>void</u> <u>and</u> <u>the</u> <u>1391</u> <u>Action</u> <u>is</u> <u>subject</u> <u>to</u> <u>dismissal.</u>

The Baek Appellants argue that the Court should direct the Bankruptcy Court to (1) vacate all orders entered in the 1391 Action as nullities; and (2) dismiss the 1391

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW) (related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |
|---|---|---|---|

| Title | In re John Olaf Halvorson *and related Related Case*: Richard Baek, et al. v. John Olaf Halvorson, et al. |
|---|---|

Action for lack of subject matter jurisdiction. The Court agrees.

"It is well settled that a judgment is void if the court that considered it lacked jurisdiction of the subject matter." Watts v. Pinckney, 752 F.2d 406, 409 (9th Cir. 1985) (internal quotation marks and citation omitted); see also In re Gurrola, 328 B.R. 158, 164 (B.A.P. 9th Cir. 2005) (if a court acts "without authority, its judgments and orders are nullities") (quoting Elliott v. Peirsol's Lessee, 26 U.S. 328, 329 (1828)); Special Investments, Inc. v. Aero Air, Inc., 360 F.3d 989, 994 (9th Cir. 2004) ("the district court erred in failing to vacate its order . . . once it determined that it lacked subject matter jurisdiction"); Royal Pac. Ltd. v. Faith Elec. Manufacture Co., No. 17cv357 MCA/KBM, 2018 WL 3242300, at *3 (D.N.M. Apr. 20, 2018) ("any action taken by the Court in the absence of subject matter jurisdiction is void").

Furthermore, if "a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh, 546 U.S. at 514; see also Rainero v. Archon Corp., 844 F.3d 832, 841 (9th Cir. 2016) ("If a court lacks subject matter jurisdiction, it is obligated to dismiss the case, regardless of how long litigation has been ongoing."). "This is true even though [dismissal] 'may also result in the waste of judicial resources and may unfairly prejudice litigants.'" Rainero, 844 F.3d at 841 (quoting Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011)).

Here, because the ED Action was never removed to the Bankruptcy Court, there was no pending case or controversy before it, and therefore no subject matter jurisdiction. See You Fit, 2012 WL 12905650, at *2 ("Defendants' purported notice of removal [from district court to bankruptcy court] is a nullity, and the [bankruptcy court] would have *no jurisdiction* to consider the matter") (emphasis added); Thomas Steel Corp. v. Bethlehem Rebar Indus., Inc., 101 B.R. 16, 21 (Bankr. N.D. Ill. 1989) (attempted removal from district court to bankruptcy court "provides no jurisdiction for [the bankruptcy] court to take such action").

At the hearing, counsel for the Answering Defendants argued that, even if the Court finds that the Bankruptcy Court did not have subject matter jurisdiction over the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW)<br>(related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

Title    <u>In re John Olaf Halvorson</u>
*and related Related Case*:
<u>Richard Baek, et al. v. John Olaf Halvorson, et al.</u>

1391 Action in October 2015 when it was purportedly removed, the Bankruptcy Court has had jurisdiction at least since March 2016, when the Bankruptcy Court granted a motion to substitute Trustee as the real party in interest, thereby creating a new operative complaint with a new caption. The Court disagrees. The Bankruptcy Court lacked jurisdiction over the 1391 Action in the first instance, <u>i.e.</u>, it had no power or authority to adjudicate any aspect of the 1391 Action from the moment it was purportedly removed from the Eastern District. No subsequent order by the Bankruptcy Court, including an order substituting the Trustee as the real party in interest, can change that fundamental threshold inquiry.

Accordingly, the Court vacates all action taken by the Bankruptcy Court in the 1391 Action, and directs the Bankruptcy Court to dismiss the 1391 Action in its entirety.

**B.     The Memorandum Decision Issued After the Consolidated Unclean Hands Trial Must Be Vacated as to the 1454 Action, and a New Trial Is Necessary to the Extent the Bankruptcy Court Continues to Prosecute the Unclean Hands Doctrine Against Grace Baek.**

1.     <u>The Memorandum Decision must be vacated.</u>

Unlike the 1391 Action, it is undisputed that the Bankruptcy Court had jurisdiction over the 1454 Action, in which Grace Baek filed a complaint against Halvorson and the Trustee seeking a declaratory judgment as to what is and is not property of the bankruptcy estate. <u>See</u> G. Baek Reply, 528 Appeal, Docket No. 25 at 1. Rather, Grace Baek contends that the lack of jurisdiction in the 1391 Action infected the consolidated proceedings and trial in the 1454 Action, particularly the Memorandum Decision issued after the trial on unclean hands. <u>Id.</u> Therefore, Grace Baek argues that to the extent that the Bankruptcy Court intends to continue prosecuting the unclean hands doctrine against her, a new trial is necessary. <u>Id.</u> at 2.

As noted in this Order's Background section, the Bankruptcy Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW) (related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | In re John Olaf Halvorson *and related Related Case*: Richard Baek, et al. v. John Olaf Halvorson, et al. |

consolidated the 1391 and 1454 Actions in advance of trial on unclean hands. Matin Decl., 528 Appeal, Ex. 1 at 3. After trial, the Bankruptcy Court issued identical Memorandum Decisions in the 1391 and 1454 Actions finding the Baeks guilty of unclean hands for their role in the arrest of Halvorson at a court-ordered mediation. Golden Decl., Ex. 9 (Memorandum Decision) at 46. The two actions were then de-consolidated. Matin Decl., 528 Appeal, Ex. 2 at 1–2.

Grace Baek points to Brown v. Francis, 75 F.3d 860 (3d Cir. 1996), and Cunningham v. BHP Petroleum Great Britain PLC, 427 F.3d 1238 (10th Cir. 2005), to support the contention that the Memorandum Decision entered in the 1454 Action is void because it is tainted by the lack of jurisdiction in the 1391 Action.

In Brown, trustees and owners of real estate filed an inverse condemnation action against the government in the District Court of the Virgin Islands. 75 F.3d at 862. The government responded by filing an eminent domain action in the Virgin Islands Territorial Court. Id. The trustees removed the territorial court action to the district court, and the district court rejected the government's challenge to removal based on lack of subject matter jurisdiction, finding that jurisdiction existed based on diversity of citizenship. Id. at 862–63. The district court and territorial court actions were then consolidated for discovery and for trial without a jury, and the parties stipulated to sending the matters to arbitration. Id. at 863. The arbitrator issued an award and the district court confirmed. Id. at 864.

On appeal, the Third Circuit held that the district court did not have subject matter jurisdiction over the removed territorial action based on diversity, and the case was "improvidently removed." Id. at 866. The Third Circuit further noted that the district court engaged in actions subsequent to removal serving to "integrate" the jurisdictionally proper (district court action) and improper (removed territorial action) actions, including by consolidating the cases. Id. The court also found that the parties' post-consolidation arbitration agreement "had the practical effect of permitting the district court to exercise authority over a case for which it did not have subject matter jurisdiction." Id. The Third Circuit was "unwilling to approve" of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW)<br>(related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | <u>In re John Olaf Halvorson</u><br>*and related Related Case*:<br><u>Richard Baek, et al. v. John Olaf Halvorson, et al.</u> |

result because the district court's actions allowed the "jurisdictional infirmity" of the removed territorial court action "to taint the court's attempts to exercise its subject matter jurisdiction over" the district court action.  <u>Id.</u>  Thus, the Third Circuit determined that it "must vacate any orders entered by the district court entered after [removal] . . . in which the district court purported to exercise jurisdiction over both [actions]."  <u>Id.</u>  Because post-removal actions were ineffectual, the court found that "restoring the parties to the positions that they occupied prior to the removal" was the proper course of action, thus vacating the district court's judgment confirming the arbitration award for lack of jurisdiction.  <u>Id.</u> at 867.

In <u>Cunningham</u>, plaintiff employees sued defendant companies in state court over employment disputes.  427 F.3d at 1240.  Defendants removed the case to federal court based on diversity, and the plaintiffs amended the complaint to include two additional plaintiff employees.  <u>Id.</u>  No party contested the district court's jurisdiction in the removed case.  <u>Id.</u>  Separately, the plaintiffs filed suit in federal court against a related defendant that was not a party to the removed action, alleging "essentially the same claims."  <u>Id.</u> at 1241.  The district court then granted the plaintiffs' motion to consolidate the cases.  <u>Id.</u>  Eventually, four years after removal, the district court dismissed the removed case for lack of subject matter jurisdiction.  <u>Id.</u> at 1243.  The Tenth Circuit affirmed the lack of jurisdiction over the removed action and vacated "all the district court's post-removal orders, as other circuits have done in similar circumstances," including orders entered post-consolidation of the removed case and the federal case, citing <u>Brown</u>.  <u>Id.</u> at 1245.  The court noted that <u>Brown</u> "determined it was necessary" to vacate orders entered by the district court after the case was removed "in which the district court purported to exercise jurisdiction over both [of the consolidated cases]."  <u>Id.</u>

Here, Grace Baek argues that the Court should follow <u>Brown</u> and <u>Cunningham</u> because the Memorandum Decision "makes pervasive use of evidence and findings related to the 1391 [Action] as the ostensible bases for the findings and conclusions related to the 1454 [Action]."  G. Baek Br., 528 Appeal, Docket No. 21 at 5–6, 10. For instance, the Bankruptcy Court began its discussion of the wrongful conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW) (related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |
|----------|-----------------------------------|------|-------------------|

| Title | In re John Olaf Halvorson *and related Related Case*: Richard Baek, et al. v. John Olaf Halvorson, et al. |
|-------|--------|

giving rise to unclean hands with a section titled "Wrongdoing of the Baeks." Golden Decl., Ex. 9 (Memorandum Decision) at 37 (emphasis added). The discussion as to the wrongdoing continues to refer to "the Baeks" in the plural, rather than to any independent and separate conduct by Grace Baek. Id. at 37–41. The Memorandum Decision also assesses the conduct of the Answering Defendants, and the harm to them arising out of the "mediation sabotage" arrest of Halvorson, although the Answering Defendants are not parties to the 1454 Action. Id. at 42–44. Lastly, the Memorandum Decision discussed harm to Halvorson resulting from his arrest in a courthouse where his brother Dan Halvorson was also present. Id. at 45, 46. However, since the Bankruptcy Court had no jurisdiction over the 1391 Action, Dan Halvorson never should have been ordered to be present at the mediation in the first place because he is not a party to the 1454 Action.

The Court finds that the Memorandum Decision must be vacated as to the 1454 Action because the entire trial was infected by Bankruptcy Court's lack of subject matter jurisdiction over the 1391 Action. The only conduct attributed independently to Grace Baek was her grand jury testimony in Oregon state court, her confirmation of an offer to pay extradition costs for Halvorson, her desire to have Halvorson arrested, and her thanks to the deputy district attorney following Halvorson's arrest. See id. at 10–11, 17. The Memorandum Decision addressed the motivation and conduct of the Baeks in many instances without differentiation, assessed their collective impact on Halvorson's family and their attorneys, and found that they collectively prejudiced the cases of the Trustee, Dan Halvorson, and Jerry Ann Randall in the 1391 Action. Therefore, the Memorandum Decision inextricably weaves facts, findings, and conclusions from a case over which it had no subject matter jurisdiction into a case which was jurisdictionally proper.

As a result, meaningful appellate review would be impractical as to the Memorandum Decision in the 1454 Action. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 973 (9th Cir. 2006) ("factual findings made by a judge after a bench trial 'must be explicit enough to give the appellate court a clear understanding of the basis for the trial court's decision, and enable it to determine the ground on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW)<br>(related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | In re John Olaf Halvorson<br>*and related Related Case*:<br>Richard Baek, et al. v. John Olaf Halvorson, et al. |

which the trial court reached its decision'") (citation omitted). It is impossible to determine to what extent the Bankruptcy Court's references to evidence and findings in the void 1391 Action and the parties to that action impacted its ultimate determination against Grace Baek in the 1454 Action. Furthermore, consolidation of the 1391 and 1454 Actions limited Grace Baek's ability to object to the admission of evidence irrelevant to the merits of her claims or her personal inequitable conduct. For instance, Grace Baek argues that she would have moved for the preclusion of evidence relating to (1) the claims or disputes involving the Answering Defendants, (2) how the arrest affected Halvorson's family members, or (3) conduct by any other party (e.g. Richard Baek), as such evidence would have been irrelevant to her purported unclean hands. G. Baek Reply Br., 528 Appeal, Docket No. 25 at 4–5. Therefore, a court reviewing the decision on appeal cannot know what evidence would have been admitted into the record had the 1454 Action been tried alone.

Based on the foregoing, the Court vacates the Memorandum Decision as to the 1454 Action.

2.     A new trial is necessary.

Certain errors are so fundamental that they infect the entire trial process by undermining its structural integrity. See Arizona v. Fulminante, 499 U.S. 279, 280, 309–10 (1991). Errors have "been deemed structural if the effects of the error are simply too hard to measure" or "the error always results in fundamental unfairness." Weaver v. Massachusetts, 137 S. Ct. 1899, 1908 (2017). Subject matter jurisdiction is a structural necessity foundational to any decision rendered by a federal court. See Spring Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 289–99 (2008) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.").

Here, the Court remands the matter to the Bankruptcy Court to the extent it intends to pursue an unclean hands trial as to Grace Baek, but not on the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW) (related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

Title    <u>In re John Olaf Halvorson</u>
        *and related Related Case*:
        <u>Richard Baek, et al. v. John Olaf Halvorson, et al.</u>

inherently flawed trial record. Based on the foregoing analysis, it is not clear to the Court that unclean hands can be retried and reconsidered as to Grace Baek on the same trial record in a manner which does not violate her right to due process. See <u>Gasoline Prods. Co. v. Champlin Refining Co.</u>, 283 U.S. 494, 500 (1931) (no new trial on damages alone where issue interwoven with liability such that trier of fact could not fairly hear one issue without hearing the other); <u>Pryer v. C.O. 3 Slavic</u>, 2251 F.3d 448, 454–55 (3d Cir. 2001) (partial reconsideration proper only "where it is plain that the error which has crept into one element of the [decision] did not in any way affect the determination of any other issue"); <u>Pumphrey v. K.W. Thompson Tool Co.</u>, 62 F.3d 1128, 1133 (9th Cir. 1995) (partial remand improper "unless it clearly appears that the issue to be retried is so distinct and separable from others that a trial of it alone may be had without injustice") (quoting <u>Gasoline Products</u>, 283 U.S. at 500). Grace Baek should be given the opportunity to present her defense to the application of the unclean hands doctrine free of the burden of evidence and parties not properly considered by the court trying the issue.

Accordingly, to the extent the Bankruptcy Court intends to continue prosecuting the unclean hands doctrine against Grace Baek, the Court directs the Bankruptcy Court to conduct a new trial.

### III. CONCLUSION

For the foregoing reasons, the Court **vacates** all actions taken by the Bankruptcy Court in the 1391 Action for lack of subject matter jurisdiction. The Court directs the Bankruptcy Court to **dismiss** the 1391 Action for the same reason.

The Court also **vacates** the Bankruptcy Court's Memorandum Decision and Order After Bifurcated Trial on Unclean Hands issued in the 1454 Action and directs the Bankruptcy Court to conduct a new trial to the extent it intends to continue prosecuting the unclean hands doctrine against Grace Baek.

Finally, the Court **vacates** the Trustee's motion at Docket No. 64 in <u>Richard</u>

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-00520 JVS (8:15-ap-01391 MW) (related to *Bankruptcy Case*: 8:15-bk-13556 MW) | Date | December 21, 2018 |

| | |
|---|---|
| Title | In re John Olaf Halvorson <br> *and related Related Case*: <br> Richard Baek, et al. v. John Olaf Halvorson, et al. |

Baek, et al v. John Olaf Halvorson, et al., 2:18-cv-07046 JVS (RAOx) to refer the action to Bankruptcy Court and confirm and/or substitute the Trustee as the real party in interest.  To the extent the Trustee intends to move on the same grounds, the Trustee must re-notice the motion so that it may be re-briefed in light of the Court's findings in this Order.

### IT IS SO ORDERED.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |